**WO**                                                                                               MDR

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,        ) | No. CR 05-1156-PHX-SMM |
|                        Plaintiff,        ) | No. CV 06-1707-PHX-SMM (GEE) |
| v.                                        ) | **ORDER** |
| Luis Alberto Diaz-Duque,        ) | |
|              Defendant/Movant.  ) | |

    Movant Luis Alberto Diaz-Duque, confined in the Eden Detention Center in Eden, Texas, filed a *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (CR Doc. #23). The Court will summarily dismiss the Motion.

**I. Procedural History**

    Pursuant to a plea agreement, Movant pled guilty to illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a), enhanced by § 1326(b)(2). The plea agreement provided for a sentencing range of 10 to 63 months, depending on the Offense Level and Movant's Criminal History. On January 30, 2006, the Court sentenced Movant to a 30-month term of imprisonment followed by 3 years on supervised release.

    In his Motion, Movant contends that his counsel was ineffective at sentencing because counsel failed to inform the Court that Movant, as a deportable alien prisoner, would be ineligible for early release to a halfway house or a furlough. Movant contends that this was mitigating information and, had the Court been aware of it at sentencing, the Court may have

1 imposed a lesser sentence. Movant also contends that his right to equal protection is violated
2 because deportable alien prisoners, unlike their United States-citizen counterparts, are
3 ineligible for early release to a halfway house.

**II. Summary Dismissal**

A district court must summarily dismiss a § 2255 application "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. When this standard is satisfied, neither a hearing nor a response from the government is required. See Marrow v. United States, 772 F.2d 525, 526 (9th Cir. 1985); Baumann v. United States, 692 F.2d 565, 571 (9th Cir. 1982). Moreover, if there has been a valid waiver of the right to file a federal habeas corpus petition, a court lacks jurisdiction to hear the case. See Washington v. Lampert, 422 F.3d 864, 869 (9th Cir. 2005), cert. denied, 126 S. Ct. 1778 (2006).

In this case, the record shows that summary dismissal under Rule 4(b) is warranted and the Court lacks jurisdiction to hear the Motion because Movant has waived the right to bring a § 2255 motion.[1]

**III. Waiver**

Movant has waived challenges to his sentence. The Ninth Circuit Court of Appeals has found that there are "strict standards for waiver of constitutional rights." United States v. Gonzalez-Flores, 418 F.3d 1093, 1102 (9th Cir. 2005). It is impermissible to presume waiver from a silent record, and the Court must indulge every reasonable presumption against waiver of fundamental constitutional rights. Id. In this action, Movant's waiver was clear, express, and unequivocal.

---

[1] In addition, the Court is well-aware that deportable alien prisoners are ineligible for early release to a half-way house. Had counsel raised this issue at sentencing, it would have had no impact on the sentence imposed. Moreover, the Ninth Circuit explicitly rejected Movant's equal protection argument in McLean v. Crabtree, 173 F.3d 1176, 1185-86 (9th Cir. 1999).

- 2 -

Plea agreements are contractual in nature, and their plain language will generally be enforced if the agreement is clear and unambiguous on its face. United States v. Jeronimo, 398 F.3d 1149, 1153 (9th Cir. 2005). A defendant may waive the statutory right to bring a § 2255 action challenging the length of his sentence. United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994). The only claims that cannot be waived are claims that the plea or waiver itself was involuntary or that ineffective assistance of counsel rendered the plea or waiver involuntary. See Lampert, 422 F.3d at 871 (holding that a plea agreement that waives the right to file a federal habeas petition pursuant to § 2254 is unenforceable with respect to an ineffective assistance of counsel claim that challenges the voluntariness of the waiver); Pruitt, 32 F.3d at 433 (expressing doubt that a plea agreement could waive a claim that counsel erroneously induced a defendant to plead guilty or accept a particular plea bargain); see also Jeronimo, 398 F.3d at 1156 n.4 (declining to decide whether waiver of all § 2255 rights included ineffective assistance of counsel claims implicating the voluntariness of the waiver).

"Collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside [the category of ineffective assistance of counsel claims challenging the validity of the plea or the waiver] are waivable." United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001). See also Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005) (joining the Second, Fifth, Sixth, Seventh, and Tenth Circuits in holding that "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing.")**.**

As part of his plea agreement, Movant made the following waiver:

> Defendant waives any and all motions, defenses, probable cause determinations, and objections which defendant could assert to the information or indictment, or to the court's entry of judgment against defendant and imposition of sentence upon defendant, provided that the sentence is consistent with this agreement. Defendant further waives: (1) any right to appeal the court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3)

> **any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack. Defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack defendant might file challenging his conviction or sentence in this case.**

(CR Doc. #21) (Emphasis added.) Movant indicated in his plea agreement that he had discussed the terms with his attorney, agreed to the terms and conditions, and entered into the plea voluntarily. (CR Doc. #21).

Movant's assertions in his § 2255 Motion all pertain to sentencing and do not pertain to the voluntariness of the waiver. Movant expressly waived issues regarding the imposition of sentence and expressly waived the right to bring a § 2255 motion. The Court accepted his plea as voluntarily made. The Court specifically found that Movant had "been sentenced in accordance with the terms of the plea agreement and that you have waived your right to appeal and to collaterally attack this matter. The waiver has been knowingly and voluntarily made with a factual basis and with an understanding of the consequences of the waiver." (CR Doc. #22). Consequently, the Court finds that Movant waived the sentencing issues raised in his § 2255 Motion. Thus, the Court will summarily dismiss the Motion for lack of jurisdiction. Accordingly,

**IT IS ORDERED** that the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CR Doc. #23 in CR 05-1156-PHX-SMM) is **denied** and that the civil action opened in connection with this Motion (CV 06-1707-PHX-SMM (GEE)) is **dismissed**. The Clerk of Court must enter judgment accordingly.

DATED this 29th day of September, 2006.

Stephen M. McNamee
United States District Judge